UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. DEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:16-cv-02228-TWP-DML |
| | ) |
| SCOTTY E. JONES, and | ) |
| 3 L TRUCKING INC., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of Defendant 3 L Trucking, Inc. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011).

Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says

nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Complaint alleges that "Defendant, 3 L Trucking, Inc. . . . is a foreign corporation, with, upon information and belief, its principal place of business located in the State of Georgia." (Filing No. 1 at 1.) Allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists. Additionally, this jurisdictional allegation does not establish the citizenship of Defendant 3 L Trucking, Inc. because it fails to allege the state of incorporation.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of Defendant 3 L Trucking, Inc. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 8/23/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scotty E. Jones
229 Poplar Street
Benton, TN 37307

Donald W. Wruck
WRUCK PAUPORE PC
dwruck@wp-law.com